**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONTOYA BLEDSOE, on behalf of
J.D.B., a minor child,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

        Defendant-Appellee.

No. 12-5213
(D.C. No. 4:11-CV-00600-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit
Judge.

Dontoya Bledsoe brought this case seeking judicial review of the

Commissioner's determination that her minor child, J.D.B., does not qualify for

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Supplemental Security Income (SSI) benefits. The district court affirmed the Commissioner's decision. Exercising jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we reverse and remand for further proceedings.

J.D.B. allegedly suffers from attention deficit disorder with hyperactivity ("ADHD"), a learning disorder, depressive disorder, and behavioral problems. Aplt. Br. at 8. The Commissioner denied, both initially and on reconsideration, the application for SSI benefits Ms. Bledsoe filed on his behalf. She then obtained a hearing before an administrative law judge (ALJ). The ALJ concluded that although J.D.B.'s learning disorder and behavioral problems were "severe" impairments, *see* 20 C.F.R. § 416.924(c), he did not meet or equal any impairment described in the listing of impairments, *see id.* Pt. 404, Subpt. P., App. 1, and he was therefore not entitled to SSI benefits for a childhood disability. *See id.* § 416.924(d)(2). The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

On appeal, Ms. Bledsoe raises three issues for our consideration: (1) the ALJ incorrectly failed to find that J.D.B. met or equaled a listed impairment; (2) the ALJ

failed to properly consider all of the evidence of record in concluding that J.D.B.'s impairments did not functionally equal a listing; and (3) the ALJ failed to perform the required credibility determination. We begin with the third issue, which requires reversal.

### I. Credibility Analysis

Both J.D.B. and his mother, Ms. Bledsoe, testified at the ALJ hearing. When the child himself is unable to adequately describe his symptoms, the regulations permit testimony concerning his symptoms by the person most familiar with the child, such as a parent. 20 C.F.R. § 416.928(a). "In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Here, although J.D.B. himself testified, the Commissioner does not argue that this relieved the ALJ of his duty to make credibility findings concerning Ms. Bledsoe's testimony. Such "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (internal quotation marks omitted).

In his decision, the ALJ said nothing at all about J.D.B.'s testimony. This error, in itself, may not be fatal to his decision. J.D.B.'s testimony was not particularly detailed or enlightening concerning his condition, Aplt. App., Vol. II at 36-41, and as we have noted, the ALJ may turn to testimony from a parent or other

person familiar with the child's condition. *See* 20 C.F.R. § 416.928(a). A more significant problem lies with the evaluation of Ms. Bledsoe's testimony.

The ALJ made no credibility findings whatsoever about Ms. Bledsoe's testimony. Although he did say he considered "information from other sources, such as school teachers, family members, or friends" and "statements from the claimant's parent(s) or other caregivers," Aplt. App., Vol. 2 at 20, this boilerplate assertion falls far short of the required specific credibility finding. The ALJ did provide a narrative summary of Ms. Bledsoe's testimony, as follows:

> [J.D.B.] is in school in two learning disabled classes. He does not do the work in class, acts out in class and his grades are worse this year. She took her son to a psychologist, Dr. Snider, for evaluation. Her son has behavior problems in school with fighting and disruptive behavior. At home, he has improved. He gets along okay with his siblings, gets along with some kids, but not other. [sic] He does not do housework but does his chores, gets along with most kids, is athletic, and is able to groom himself and care for his own personal needs. He is otherwise in good health.

*Id.* at 21.

This summary includes no credibility findings. It is only a narrative description of the testimony. This is insufficient to fulfill the ALJ's duty to perform a credibility analysis.

The Commissioner contends that the ALJ did perform a credibility analysis because, elsewhere in his decision, he cited evidence that contradicted the limitations Ms. Bledsoe described. From the ALJ's reasoning, she argues, we can deduce that the ALJ "found that J.D.B.'s and [Ms.] Bledsoe's statements regarding the severity of

J.D.B.'s limitations were not credible." Aplee Br. at 31. But this is a post hoc attempt to supply credibility findings the ALJ never made. If the ALJ in fact rejected Ms. Bledsoe's testimony in favor of other evidence, it was his duty to make specific findings that showed how he arrived at his conclusion. *See Briggs*, 248 F.3d at 1239. This, he failed to do.

Alternatively, the Commissioner argues that we should dismiss any error as harmless, because Ms. Bledsoe's testimony does not show that J.D.B. is disabled. We may excuse the lack of an express finding if "we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter [in favor of the claimant]." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). But that standard for harmless error is not met in this case. For example, the ALJ did not mention or evaluate specific, relevant testimony from Ms. Bledsoe about J.D.B.'s grades, showing that even with remedial classes, he was failing about half of his classes. *See id.* at 49 ("He has two C's, one A . . . and the rest are F's."). A reasonable administrative factfinder could view this testimony as supporting a finding of disability.

The ALJ failed to analyze Ms. Bledsoe's credibility and to make proper credibility findings concerning her testimony. We therefore reverse and remand for a proper credibility analysis.

**II. Listing Equivalence Issues**

The ALJ concluded that J.D.B.'s impairments did not meet, medically equal, or functionally equal a listed impairment. J.D.B. challenges his conclusions on each of these points. The centerpiece of J.D.B.'s argument is found in his assertion that the ALJ failed to properly analyze the medical opinion of consulting psychologist Brian R. Snider, Ph.D. J.D.B. argues that Dr. Snider's opinion, together with the other evidence in the record, demonstrates that he met, medically equaled, or functionally equaled a listed impairment. He contends that the ALJ's finding to the contrary is unsupported by substantial evidence.

Although the ALJ provided a narrative summary of Dr. Snider's report, he did not expressly state what weight he gave Dr. Snider's opinion. Nor did he evaluate the opinion using the appropriate factors. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) ("[A]n examining . . . medical-source opinion may be dismissed or discounted, of course, but that must be based on an evaluation of all of the factors set out in the cited regulations and the ALJ must provide specific, legitimate reasons for rejecting it." (internal quotation marks omitted)); 20 C.F.R. § 416.927(c) (describing factors used to evaluate medical opinions).

Although the ALJ's failure to adequately discuss a physician's opinion can be harmless, *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161-65 (10th Cir. 2012), in light of our remand for a proper credibility finding we discern no reason to engage in a harmless error analysis here. On remand, in addition to performing a proper

credibility analysis, the ALJ should properly evaluate Dr. Snider's opinion using the appropriate standards. *See* 20 C.F.R. § 416.927. The ALJ should then reconsider with appropriate reasoning whether J.D.B. meets, medically equals, or functionally equals a listing, in light of his credibility and examining physician analysis and all the evidence of record.

### III. Conclusion

The district court's Opinion and Order is reversed, and the case is remanded to the district court with instructions to remand to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court


David M. Ebel
Circuit Judge